NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Anthony MOSLEY,<br><br>        Plaintiff,<br>v.<br><br>LOUISVILLE LADDER INC., *et al.*,<br><br>        Defendants. | Civil No. 19-08800 (RBK/KMW)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter is before the Court on Defendant Louisville Ladder Inc.'s motion to dismiss (Doc. No. 18) Plaintiff Anthony Mosley's Complaint (Doc. No. 1, Ex. A ("Compl.")). For the reasons below, Plaintiff's Complaint is **DISMISSED**.

## I. BACKGROUND[1]

This case concerns a ladder that collapsed and caused Plaintiff to fall. (Compl. at ¶ 5.) After sustaining serious injuries, Plaintiff sued Defendant, who "marketed, designed, manufactured, sold, leased, serviced, and maintained" the ladder with a defective height adjuster pin. (*Id.* at ¶¶ 6–7.) Plaintiff, however, does not identify or describe the ladder at issue with any specificity. He simply calls it "the subject Louisville Ladder" or the "Louisville Ladder." (*See, e.g.*, *id.* at ¶¶ 6–9, 11, 19, 24, 31–32.)

     Plaintiff initially sued in state court, alleging that adequate warnings and safety devices would have prevented his injuries. (*Id.* at ¶¶ 8–11.) Plaintiff asserted claims for (1) negligence,

---

[1] On this motion to dismiss, the Court accepts as true the facts pled in the Complaint and construes them in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

1

(2) strict products liability, and (3) breach of express and implied warranty. (*Id.* at ¶¶ 17–33.) Having removed the matter to this Court based on its diversity jurisdiction,[2] Defendant now moves to dismiss Plaintiff's Complaint. (Doc. No. 18 ("Def.'s Br.").)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim if the complaint does not contain enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Federal Rule of Civil Procedure 8(a)(2) contains a similar pleading standard, which requires that a complaint "set forth the plaintiff's claims with enough specificity as to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No. 18-cv-5221, 2019 WL 1951123, at *3 (D.N.J. May 2,

---

[2] In the Notice of Removal, Defendant properly asserts the facts required to support this Court's diversity jurisdiction in some parts, but not others. (*See* Doc. No. 1, Notice of Removal at ¶¶ 11–16.) As the party asserting federal diversity jurisdiction, Defendant must properly allege that the parties are "citizens" of different States. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). A corporation—like Defendant—is "a citizen of any State by which it has been incorporated *and* of the State where it has *its* principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Allegations of *a* principal place of business are insufficient. *See Hunt v. Acromed Corp.*, 961 F.2d 1079 (3d Cir. 1992). Yet that is what Defendant partly states here: that it is "a Delaware corporation with *a* principal place of business" in Kentucky, and thus, "is a citizen of the states of Delaware and Kentucky." (Doc. No. 1, Notice of Removal at ¶ 14 (emphasis added).) In another part of the Notice of Removal, however, Defendant alleges that it "has *its* principal place of business in a state other than New Jersey," where Plaintiff is a citizen. (*Id.* at ¶¶ 13, 16). Because the Third Circuit has approved of pleading citizenship in the negative, the Court will accept this assertion here. *See Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) (holding that notice of removal sufficiently alleged diversity jurisdiction when the three removing defendants alleged their own citizenship and alleged that the fourth defendant who had not yet appeared was "not a citizen of Pennsylvania"). Defendant must proceed more carefully to clearly and consistently allege the citizenship of all parties. If Defendant does not, it proceeds at its own peril. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (explaining that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand").

2019) (quoting *Twombly*, 550 U.S. at 570). Rule 8 requires "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations. *Id.* (quoting *Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986)).

### III. DISCUSSION

Defendant argues that Plaintiff's claims based on the ladder's defects fail for two reasons. First, Defendant argues that Plaintiff's negligence, strict liability, and implied warranty claims should be dismissed because they are all subsumed by, and do not plausibly suggest a violation of, the New Jersey Products Liability Act ("PLA"). (Def.'s Br. at 8–9.) Second, Defendant argues that Plaintiff's express warranty claim should be dismissed because it is not plausibly alleged. (*Id.* at 9.)

Defendant is correct on all counts. Plaintiff's negligence, strict liability, and implied warranty claims are dismissed because they cannot be pursued as separate claims under the PLA, which provides the exclusive remedy for "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty." *Sich v. Pfizer Pharm.*, No. 17-cv-02828, 2017 WL 4407930, at *2 (D.N.J. Oct. 4, 2017) (dismissing strict liability, negligence, and implied warranty claims "as a matter of law" because the PLA subsumed them); *see also Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596–97 (D.N.J. 2015) (same). Plaintiff also fails to allege any plausible PLA claims because his allegations do not satisfy Rule 8. Plaintiff fails to allege basic facts to identify the allegedly defective ladder, including its make, model, or manufacture date. Absent any facts describing the ladder, Defendant cannot fairly be expected address Plaintiff's claims. *See JNL Mgmt., LLC*, 2019 WL 1951123, at *3.

3

Plaintiff's express warranty claim fares no better. As courts in this district have noted, express warranty claims are not plausible when, as here, the plaintiff does not allege "the specific language or source of the alleged warranty." *Becker v. Smith & Nephew, Inc.*, No. 14-cv-5452, 2015 WL 268857, at *5 (D.N.J. Jan. 20, 2015) (citing *Schraeder v. Demilec (USA) LLC*, No. 12-cv-6074, 2013 WL 3654093, at *5 (D.N.J. July 12, 2013)); *Simmons v. Stryker Corp.*, No. 08-cv-3451, 2008 WL 4936982, at *2 (D.N.J. Nov. 17, 2008). Because Plaintiff does neither, this claim also fails.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. An Order shall issue.


Dated: August 6, 2019                                    s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge